Case 05-25765   Filed 07/27/05   Doc 15





UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-25765 |
| EMRYS J. LAFOUNTAIN and CATHY J. LAFOUNTAIN, | MC No. MET-1 |
| Debtors. | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON MOTION TO VACATE STAY

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

### Findings of Fact

Debtors filed this voluntary chapter 7 petition on May 12, 2005. They scheduled a 1995 Allegro Motorhome ("vehicle") as



property of the estate. The vehicle was claimed as exempt in the amount of $1.00. In debtors' Statement of Intention, they stated they intended to surrender the vehicle. The chapter 7 trustee filed a report finding that there was no property available for distribution from the estate over and above that exempted by debtor.

On June 29, 2005, Bank of the West ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor in personam and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). However, the automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

Because the debtors stated an intention to surrender the vehicle, the motion will be granted as to the debtor.

As to the trustee, the motion will be granted because the

trustee issued a no asset report.

An appropriate order will issue.

Dated: July 27, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

    On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Emrys J. LaFountain and Cathy J. LaFountain
P.O. 373
Rio Linda, CA 95673-373

Robert Fong
1214 F Street
Sacramento, CA 95814

Gerald Ainsworth
P.O. Box 6011
Incline Village, NV 89450-6337

Bank Of The West
c/o Marry Ellman Tang, Esq.
3700 Mount Diablo Blvd., Suite 200
Lafayette, CA 94549

Office of the United States Trustee
United States Courthouse
501 I Street, Suite 7-500
Sacramento, CA 95814

Dated: 7/28/05

_____
Deputy Clerk